# United States District Court
## Central District of California
### SENTENCING

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** CR 13-719 (A) |
| **Defendant** Khachatour Hakobyan (1) | **Social Security No.** 7 5 6 6 |
| Khachatour Hakopian; Khachatur Chris Hakobyan; Khachatour H. Akopian; Khatchatour Akopian; Khachatur C. Hakobyan; Khachtur Hakobyan; | (Last 4 digits) |
| akas: Khachik | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 01 | 25 | 16 |

**COUNSEL**  Philip K. Cohen, Retained
(Name of Counsel)

**PLEA**  ☑ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  ☐ **NOLO CONTENDERE**  ☐ **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
CONSPIRACY TO COMMIT MONEY LAUNDERING 18:1956(h): as charged in Count 1 of the First Superseding Indictment. FILING A FALSE TAX RETURN 26:7206(1): as charged in Count 27 of the First Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **57** months.

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Defendant shall pay restitution in the total amount of $ 606,681 to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims."

Pursuant to Guideline Section 5E1.2(a), all fines are waived as the court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Khachatour Hakobyan, is hereby committed on Counts 1 and 27 of the First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 57 months. This consists of 57 months on Count 1 of the First Superseding Indictment and 36 months on Count 27, such terms to be served concurrently.

| USA vs. | Khachatour Hakobyan (1) | Docket No.: | CR 13-719 (A) |
|---|---|---|---|

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three **(3)** years.  This term consists of three years on Count 1 and one year on Count 27 of the First Superseding Indictment, such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02.

2. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

4. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision.

5. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs and alcohol, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

6. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug and alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.

7. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true and legal name.

8. The defendant shall truthfully and timely file and pay taxes owed for the years of conviction, and shall truthfully and timely file and pay taxes during the period of community supervision.  Further, the defendant shall show proof to the Probation Officer of compliance with this order.

9. The defendant shall cooperate in the collection of a DNA sample from the defendant.

| USA vs. Khachatour Hakobyan (1) | Docket No.: CR 13-719 (A) |
|---|---|

10. The defendant shall apply monies received from income tax refunds to the outstanding restitution that has been ordered.  In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding restitution.

11. As directed by the Probation Officer, the defendnat shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns and signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income, expenses, and liabilities of the defendant.

12. The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency.  Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing Judge.

The Court authorizes the Probation Officer to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence Report), to State of local social service agencies (such as the State of California, Department of Social Services), for the purpose of the client's rehabilitation.

Defendant informed of right to appeal.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on **March 28, 2016** by 12 noon.  In the absence of such designation, the defendant shall report on or before the same date and time to the United States Marshal located at the Royal Federal Building, 255 East Temple Street, Los Angeles, California 90012. **Bond exonerated upon surrender.**

The Court recommends defendant be incarcerated, consistent with security and housing concerns within the Bureau of Prisons that the defendant be housed at the Lompoc Facility, Camp Housing.

The Court recommends that the defendant be afforded alcohol treatment at the Bureau of Prisons.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| USA vs. Khachatour Hakobyan (1) | Docket No.: CR 13-719 (A) |
|---|---|

| 2/2/16 | | _[signature]_ |
|---|---|---|
| Date | | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| 2/2/16 | By | A. Bridges /s/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs.  Khachatour Hakobyan (1)  Docket No.:  CR 13-719 (A)

| | |
|---|---|
| USA vs. Khachatour Hakobyan (1) | Docket No.: CR 13-719 (A) |

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663©; and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

USA vs.   Khachatour Hakobyan (1)                              Docket No.:   CR 13-719 (A)

# RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By  _____
Date                         Deputy Marshal

# CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By  _____
Filed Date                   Deputy Clerk

---

# FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

| USA vs. | Khachatour Hakobyan (1) | Docket No.: | CR 13-719 (A) |
|---|---|---|---|

    These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____     _____
          Defendant                                                      Date

_____     _____
U. S. Probation Officer/Designated Witness          Date